2610 of the Code of Civil Procedure, the executor of another alleged will than the one offered for probate was a necessary party, but was not bound by any decision unless actually made a party to the proceeding; but the amendment of section 2610 of 1914 (Laws 1914, c. 443), states, "The following persons must be cited upon a petition presented and as prescribed in the last section," and then goes on to say, "and each person named as executor  *  *  * in any other will of the same testator filed in the surrogate's office," so that under the law as it at present reads, the executor of the will of September 8, 1913, said will having been filed and offered for probate in the Surrogate's Court, must be cited in this proceeding and if he must be cited as executor of such will, I cannot see the consistency of permitting him to withdraw the proceeding for the probate of said will and then possibly try the matter piecemeal, instead of in one proceeding and one trial, and to one end and determination.

I therefore deny the petitioner's motion for leave to discontinue the proceeding for the probate of the will of Charlotte Potter, deceased, of September 8, 1913. An order in accordance herewith may be entered.

[3] I feel that I should not subscribe to the request to find submitted by counsel for the petitioner, for the reason that all proofs before me are in the form of affidavits, and that such findings could therefore be based only upon the petitions and affidavits filed, and not based, as findings should be based, upon the sworn testimony of witnesses examined under oath on a trial of the issues involved.

#### Amended Opinion.

The memorandum of decision made herein, denying the petitioner's motion for leave to discontinue the proceedings for the probate of the will of Charlotte Potter, deceased, of September 8, 1913, dated April 7, 1915, is hereby amended so as to include the following, viz.: That the answer and objections in behalf of Augusta Gould, verified February 26, 1915, to the probate of the alleged will of Charlotte Potter of September 8, 1913, and a demand for a jury trial incorporated in said answer and objections, were over the objection of the attorney for Mr. Feathers received and filed generally as objections to the will of September 8, 1913, at the time of the making of this decision.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Shaw, Bailey & Murphy, of Troy (H. D. Bailey, of Troy, of counsel), for appellant.

Douglas & Gordon, of Troy (William C. Gordon, of Troy, of counsel), for respondent.

PER CURIAM. Order affirmed, with costs, on the opinion of the county judge, acting as surrogate.

---

### HENRY v. VILLAGE OF SARATOGA SPRINGS.

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

1. MUNICIPAL CORPORATIONS ☞661—CONTROL OF PUBLIC WAYS—DELEGATION OF POWER.

The state may delegate its sovereign power over highways and bridges to municipal corporations, and in such case there is an implied undertaking on the part of the municipality to perform its duties with fidelity, for failure to perform which it may be held liable.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1432, 1434–1436; Dec. Dig. ☞661.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. MUNICIPAL CORPORATIONS ⊙⟿175—LIABILITY FOR INJURIES—DEPARTMENT-AL LIABILITY.

While generally a municipal department acts as the agent of the municipality in the discharge of duties resting primarily upon the municipality, the Legislature may set aside such general rule, and provide that all actions on account of acts done or omitted by the department shall be brought against it alone.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 415; Dec. Dig. ⊙⟿175.]

3. MUNICIPAL CORPORATIONS ⊙⟿814—LIABILITY FOR INJURIES—CARE OF STREETS.

Where a village charter, providing that the sewer, water, and street commissioners should be a body corporate, and that all actions on account of any act done or omitted by them should be brought against them in their corporate capacity, was amended so as to give the park commissioner exclusive duties in the streets as to shade trees and grass plots, such amendment taking those duties away from the sewer, water, and street commissioners, the general rule that a department of a municipality acts as its agent was restored, and an action for injuries in tripping over a wire strung along the edge of a grass plot within the street limits due to the negligence of the park commissioner, was properly brought against the village, instead of against the sewer, water, and street commissioners thereof.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1709, 1710; Dec. Dig. ⊙⟿814.]

4. MUNICIPAL CORPORATIONS ⊙⟿751—CARE OF STREETS—LIABILITY FOR INJURIES—DEFENSES.

Where a pedestrian tripped over a wire protecting a grass plot within the limits of a street, it was no defense in an action against the village that the wire was so maintained by the independent contractor, who laid out the grass plot, and who was bound to keep it in condition; the village park commissioner having authority to remove the wire, and for failure to do so being a joint wrongdoer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1580–1582; Dec. Dig. ⊙⟿751.]

Appeal from Trial Term, Saratoga County.

Action by Louis Henry against the Village of Saratoga Springs. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is the opinion of Van Kirk, J., at Trial Term:

This is a negligence action. The jury have found in substance that the plaintiff fell and received his injuries on account of the negligence of the park commissioner of the village of Saratoga Springs, that no negligence on the part of the plaintiff contributed to his injuries, and that the damage suffered by plaintiff is $2,000.

About 10 o'clock in the evening of August 2, 1914, the plaintiff came out of Congress Park by the Congress street gate. There is a paved walk about 11 feet wide and about 12 feet long leading from said gate to the paved sidewalk along the easterly side of Broadway at this point. The two walks meet at an acute angle. When within a step or so of the corner of the two walks, plaintiff turned to his left to go to the trolley station, and tripped over a wire strung from the gate post along the edge of the walk to the corner of the grass plot, where it was attached to a stake from 6 to 15 inches high. He fell across the corner of the plot, striking upon the paved sidewalk. The place of the accident was within the limits of Broadway.

Some of the matters argued extensively may be excluded from consideration. The accident did not occur in a park, or on property, the title of which

was in the village. The statutes authorizing the acquisition of lands for parks and providing for a park commissioner are only indirectly of interest. The question whether the care of parks is a governmental or corporate function is not decisive of the case. See Maxmilian v. Mayor, 62 N. Y. 160, 20 Am. Rep. 468; Fire Ins. Co. v. Keeseville, 148 N. Y. 52, 42 N. E. 405, 30 L. R. A. 660, 51 Am. St. Rep. 667. Oakes Mfg. Co. v. City of New York, 206 N. Y. 228, 99 N. E. 540, 42 L. R. A. (N. S.) 286; Ehrgott v. Mayor, 96 N. Y. 264, 48 Am. Rep. 622; Gartland v. N. Y. Zoological Society, 135 App. Div. 170, 120 N. Y. Supp. 24; Collett v. Mayor, 51 App. Div. 394, 64 N. Y. Supp. 693; Moest v. City of Buffalo, 116 App. Div. 657, 101 N. Y. Supp. 996, affirmed 193 N. Y. 615, 86 N. E. 1128.

The statute of direct interest is chapter 366 of the Laws of 1912, which amends the charter of the village, and gives to the park commissioner part of the authority over the surface within the street limits, which before was al. in the sewer, water, and street commissioners. Under the charter, prior to 1912, an action grounded in negligence, which rendered the street dangerous to travelers, could not be brought against the village as such; it must be brought against the sewer, water, and street commissioners. Scott v. Village of Saratoga Springs, 199 N. Y. 178, 92 N. E. 393. But the said chapter 366 provides that the commissioner of parks shall "alone possess power and authority to protect, cultivate, care for and regulate the use of all plots and areas lying within the limits of any streets or avenues or public squares in said village and not prepared for use for travel either for teams or vehicles or persons on foot, including all grass plots and park spaces and all shade trees within the boundaries of any such streets, avenues or public squares in said village."

[1] In exercising the power and authority there given, the park commissioner is the agent of the village, not of the public. He is acting under a special statute, not a general statute applicable to all villages. Can he be considered the agent of the sewer, water, and street commissioners as the body primarily liable? While the care of highways and bridges comes under the sovereign governmental power of the state (Markey v. County of Queens, 154 N. Y. 675, 49 N. E. 71, 39 L. R. A. 46), the state may delegate this power to municipal corporations, as it has, and villages may be required to keep the streets and sidewalks of the village in a safe condition. There is an implied undertaking on the part of the village to perform these duties with fidelity, which inures to the benefit of a person injured, and for a failure to perform such duty the municipality may be held liable. Conrad v. Trustees of Ithaca, 16 N. Y. 158; MacMullen v. City of Middletown, 187 N. Y. 45, 79 N. E. 863, 11 L. R. A. (N. S.) 391.

[2, 3] As a general rule, in the discharge of a duty primarily resting upon a municipality, a department thereof acts as the agent of the municipality, although the department may have full power and authority in the particular matter given it in charge. The Legislature may determine the extent and manner of the liability of the municipal corporation. It may set aside the general rule and provide that all actions, on account of an act done or omitted by the department, shall be brought against that department, and that no such action shall be brought against the municipality in its corporate name. The charter provides: "The said commissioners [sewer, water, and street commissioners] are hereby declared to be a body corporate. * * * All actions or proceedings on account of any act done or omitted by said commissioners shall be against the said commissioners in their name of the sewer, water and street commissioners of Saratoga Springs, New York." The commissioners are made a body corporate and are given exclusive power and authority over the subjects enumerated in the act. Scott v. Village of Saratoga Springs, 199 N. Y. 183, 92 N. E. 393, and cases cited, in which Judge Chase has carefully considered the charter of that village. The charter then changed the general rule and put this restriction upon the bringing of such actions. But for this restriction, such an action would have been properly brought against the village under the other provisions of its charter.

But by the later amendment of the charter (chapter 366) the park commissioner was given certain duties in the streets, to be by him performed alone.

Those duties were then taken from the sewer, water, and street commissioners. There is no provision that for his act or omission an action may be brought against him in his name. To the extent that chapter 366 took from the sewer, water, and street commissioners duties in caring for the streets, and placed those duties upon the park commissioner, the general rule has been restored. The park commissioner cannot be the agent of the sewer, water, and street commissioners in performing acts which, since said amendment, they are not called upon to perform. This action is brought on account of the negligence of the park commissioner, not of the sewer, water, and street commissioners. This negligence rendered the street at the point in question dangerous to pedestrians. It seems, therefore, that for such negligence the village is primarily liable, and that an action is properly brought against the village, rather than the sewer, water, and street commissioners. If the plaintiff has established a cause of action on account of the negligence of the park commissioner, it should not be held that he could not maintain his action without in addition showing that the sewer, water, and street commissioners were also negligent in failing to discover and have removed the dangerous condition in the street. It may be that the plaintiff could have established the liability of said commissioners, and could have maintained an action against them. Jewhurst v. City of Syracuse, 108 N. Y. 303, 15 N. E. 409; Sweet v. Poughkeepsie, 97 App. Div. 82, 89 N. Y. Supp. 618. In such case the park commissioner would be a joint wrongdoer with the sewer, water, and street commissioners.

[4] The park commissioner entered into a contract with Mr. Gaffney, by which Mr. Gaffney was to lay out and make the park; in the plans and specifications furnished to Mr. Gaffney, the location of this accident, though in the street, was included for improvement. Before the improvement the flagging had extended from the sidewalk to the fence on the easterly side of Broadway. Under the contract and specifications Mr. Gaffney removed the flagging, constructed the walk leading into Congress Park and the sidewalk along the easterly side of Broadway, and laid out the grass plot where the accident occurred. The defendant urges that, when he included in his contract the improvement of a portion of Broadway, the park commissioner exceeded his authority; but it seems to me plain that this act was within his power and authority conferred by said chapter 366.

Under his contract Mr. Gaffney was not only to pay out and complete the park and the grass plot where the accident happened, but he was bound to keep the same in condition for one year. The defendant therefore urges that the negligence complained of was the negligence of the independent contractor solely. Without exception on the part of the defendant, the question of the negligence of the park commissioner was submitted to the jury upon the following theory: This grass plot was at the time of the accident under the care of Mr. Gaffney; and, while it was legal and proper for him to place a guard around it, the park commissioner, the other party to the contract, still had authority to require the guard to be changed or removed in case it was in fact dangerous to pedestrians, if it was in fact a trap or a snare. The park commissioner and his employés knew of the existence of this wire, placed as it was, and had from time to time replaced it. It was left to the jury to determine whether the park commissioner was negligent in failing to realize that a dangerous condition was caused by the wire and in allowing it to be so maintained. It may well be that Mr. Gaffney was negligent, and would be liable in an action brought against him based upon the same facts; but if the finding of the jury is justified, and the case was submitted upon the proper theory, the park commissioner was a joint wrongdoer.

The defendant's motion for a dismissal of the complaint is denied, and its motion to set aside the findings of the jury is denied. An order will be made that judgment be entered in favor of the plaintiff against the defendant, upon the verdict.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

D. J. Harrington, of Saratoga Springs, for appellant.
Rockwood & McKelvey, of Saratoga Springs, for appellee.

PER CURIAM.   Judgment and order unanimously affirmed, with costs, upon the opinion of Van Kirk, J., at Trial Term.

---

### GLEISNER v. GROSS & HERBENER et al.

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

1. MASTER AND SERVANT ⨪250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—PERSONS INCLUDED.

   Findings of fact by the Workmen's Compensation Commission that the claimant was employed as a janitor, having general charge of the repairs of the building, and that, while doing work on a flagpole at the top of the building, he fell and was injured, were not sufficient to show that claimant met with accidental injury in the course of a hazardous employment, within Workmen's Compensation Law (Consol. Laws, c. 67) group 42, including structural carpentry, painting, construction, repair, and demolition of buildings, etc.

2. MASTER AND SERVANT ⨪250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION LAW—REVIEW.

   The Appellate Division has the right to examine and take into account the evidence adduced before the Workmen's Compensation Commission in making an award, as supplementing and explaining, though not contradicting, the findings of fact made by the Commission.

3. MASTER AND SERVANT ⨪87½, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—PERSONS INCLUDED.

   If an employé's duties are exclusively or predominantly within an employment enumerated in the Workmen's Compensation Law, and he is injured while doing work fairly within the scope thereof, he may claim compensation, even though the particular act he was doing when the mishap befell him would not ordinarily be described as doing work enumerated in the statute; but, if the employé's ordinary duties do not come exclusively within the category of enumerated employments, his right to remuneration depends on a finding that he sustained injury while actually and momentarily doing work named in the statute.

Appeal from Award of Workmen's Compensation Commission.

Proceedings under the Workmen's Compensation Act by Albert Gleisner to obtain compensation, opposed by Gross & Herbener, employers, and the Commercial Casualty Insurance Company, insurer. Compensation was awarded by the Commission, and the insurance company and the employer appeal.   Award set aside.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Otto D. Parker and Henry Siegrist, both of New York City, for appellants.

Jeremiah F. Connor, of New York City, for Workmen's Compensation Commission.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen., of counsel), for respondent.

---

⨪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes